UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                      NO: 12-127

YAHIA M. ASAD                               SECTION: R

**ORDER AND REASONS**

     Petitioner Yahia Asad moves the Court to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 on two grounds.[1] First, Asad argues that his counsel, George Chaney, Jr., provided ineffective assistance because Chaney failed to file an appeal when Asad requested that he do so. Second, he contends that Chaney provided ineffective assistance by failing to object to the indictment's charge of aggravated identity theft. The Court orders an evidentiary hearing on Asad's first claim in order to more fully develop the record. With regard to Asad's second claim, the Court finds that counsel's failure to object to the aggravated identity theft charge was not objectively unreasonable and thus dismisses that portion of the petition.

I.    BACKGROUND

     On May 11, 2012, a federal grand jury returned a four-count superseding indictment charging Asad with conspiracy to commit

---

    [1]    R. Doc. 80.

money laundering, theft of government money, conspiracy to defraud the government, and aggravated identity theft.[2] On August 22, 2012, Asad pled guilty to Counts 1, 3, and 4 of the superseding indictment with the benefit of a plea agreement.[3] As part of his plea agreement, Asad waived his right to appeal or collaterally challenge his conviction or sentence except in two narrow circumstances: he reserved the right to bring a post-conviction claim if he could establish that "ineffective assistance of counsel directly affected the validity of th[e] waiver of appeal and collateral challenge rights or the validity of the guilty plea itself," and he reserved the right to directly appeal any sentence in excess of the statutory maximum.[4] The plea agreement expressly listed section 2255 motions as encompassed within the waiver of collateral challenge rights.[5]

    Following Asad's guilty plea, the Court sentenced him to 27 months as to Counts 1 and 3, to run concurrently, and 24 months as to Count 4, to run consecutively to the terms imposed for Counts 1 and 3.[6] The Court advised Asad that, because each of these terms of imprisonment is at or below the statutory maximum, Asad had no right to directly appeal his sentence per the plea

---

    [2]    R. Doc. 26.

    [3]    *See* R. Doc. 83.

    [4]    R. Doc. 38 at 3; R. Doc. 83 at 14-15.

    [5]    R. Doc. 38 at 3.

    [6]    R. Doc. 61 at 2.

agreement.[7] The Court also ordered Asad to pay restitution to the Internal Revenue Service in the amount of $169,155.49.[8] Neither Asad nor his counsel filed an appeal of the sentence within the fourteen-day period allowed by law. *See* Fed. R. App. P. 4(b)(1)(A).

Asad avers that he "advised defense counsel AFPD George Chaney, Jr. after sentencing that [he] wanted to appeal his sentence," and that Chaney agreed to file a notice of appeal.[9] According to Asad, he and his wife repeatedly tried to contact Chaney to determine the status of the appeal, but Chaney "avoided [his] phone calls and never answered [his] messages."[10] Chaney disputes Asad's account, stating that Asad never informed him of a desire to appeal.[11] Chaney avers that he would have honored such a request had it been made, "even though the waiver of appeal in the plea agreement rendered any appeal frivolous."[12]

On September 30, 2013, Asad filed this motion for post-conviction relief under 28 U.S.C. § 2255, urging that Chaney rendered ineffective assistance of counsel by failing to file a

---

[7]   R. Doc. 94 at 27-28.

[8]   R. Doc. 61 at 5.

[9]   R. Doc. 80 at 18.

[10]  *Id.*

[11]  R. Doc. 91-1 at 2.

[12]  *Id.*

requested notice of appeal and by failing to object to Asad's aggravated identity theft charge.[13] The government opposes Asad's motion.[14]

## II.  LEGAL STANDARD

Section 2255 of Title 28 of the United States Code provides that a federal prisoner serving a court-imposed sentence "may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). As with the writ of habeas corpus, *see* 28 U.S.C. §§ 2241, 2254, only a narrow set of claims is cognizable on a section 2255 motion. The statute identifies four bases on which a motion may be made: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255(a). A claim of error that is neither constitutional nor jurisdictional is not cognizable in a section 2255 proceeding unless the error constitutes "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

---

[13]    R. Doc. 80.

[14]    R. Doc. 91.

The district court must first conduct a preliminary review of a section 2255 motion. "If it plainly appears from the motion, any attached exhibits, and the record of the prior proceeding that the moving party is not entitled to relief, the judge must dismiss the motion . . . ." Rule 4(b), 28 U.S.C. foll. § 2255. If the motion raises a non-frivolous claim to relief, the court must order the government to file a response or to take other appropriate action. *Id.* The judge may then order the parties to expand the record as necessary and, if good cause is shown, authorize limited discovery. Rules 6-7, 28 U.S.C. foll. § 2255.

After reviewing the government's answer, any transcripts and records of prior proceedings, and any supplementary materials submitted by the parties, the Court must determine whether an evidentiary hearing is warranted. Rule 8, 28 U.S.C. foll. § 2255. Under the statute, an evidentiary hearing must be held unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). No evidentiary hearing is required, however, if the prisoner fails to produce any "independent indicia of the likely merit of [his] allegations." *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (quoting *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998)).

Ultimately, the petitioner bears the burden of establishing his claims of error by a preponderance of the evidence. *Wright v. Bondurant*, 689 F.2d 1246, 1251 (5th Cir. 1982). For certain

"structural" errors, relief follows automatically once the error is proved. *See Burgess v. Dretke*, 350 F.3d 461, 471 (5th Cir. 2003). For other "trial" errors, the court may grant relief only if the error "had substantial and injurious effect or influence" in determining the outcome of the case. *Brecht v. Abrahmson*, 507 U.S. 619, 637 (1993) (quoting *Kotteakos v. United States*, 328 U.S. 750, 776 (1946)); *see also United States v. Chavez*, 193 F.3d 375, 379 (5th Cir. 1999) (applying *Brecht*'s harmless error standard in a § 2255 proceeding). If the Court finds that the prisoner is entitled to relief, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

## III. DISCUSSION

### A. Counsel's Failure to File Notice of Appeal

Under *Strickland v. Washington*, 466 U.S. 668 (1984), a defendant bringing an ineffective assistance of counsel claim must make a two-part showing: (1) that his counsel's performance fell below "an objective standard of reasonableness," and (2) that the defendant's rights were prejudiced as a result of that substandard performance. *Id.* at 688, 693. In *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), the Supreme Court held that "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally

unreasonable." *Id.* at 477. Moreover, in such circumstances, the defendant need not "specify the points he would raise were his right to appeal reinstated." *Id.* at 485 (quoting *Rodriquez v. United States*, 395 U.S. 327, 330 (1969)). Instead, prejudice is presumed, and so the defendant must be allowed to file an out-of-time appeal. *Id.* at 483-85; *see also United States v. Tapp*, 491 F.3d 263, 266 (5th Cir. 2007).

Thus, assuming *arguendo* that Asad did in fact ask Chaney to appeal and that Chaney disregarded the request, Asad would seem to have made out an ineffective assistance of counsel claim under *Flores-Ortega*. But this straightforward analysis is complicated by the plea agreement, in which Asad expressly waived his right to appeal or collaterally challenge his conviction or sentence, save in two narrow circumstances: he reserved his right to (1) appeal a sentence in excess of the statutory maximum, and (2) collaterally challenge his conviction or sentence on the grounds that "ineffective assistance of counsel directly affected the validity of [his] waiver of appeal and collateral challenge rights or the validity of the guilty plea itself."[15] Asad's waiver of his appeal and collateral challenge rights presents two conundrums: First, does the rule of *Flores-Ortega* still apply even though Asad waived his right to appeal? And second, even if it does apply, does Asad's waiver of his collateral challenge

---

[15] R. Doc. 38 at 3.

7

rights bar him from bringing a collateral challenge based on *Flores-Ortega* in the first place?

The Fifth Circuit has definitively answered the first question in the affirmative. In *Tapp*, the court held that a failure to file a requested notice of appeal is *per se* ineffective assistance of counsel even if the defendant has waived his right to appeal in a plea agreement. 491 F.3d at 265-66. Noting the Supreme Court's observation in *Flores-Ortega* that "it would be unfair to require a litigant to argue in a § 2255 proceeding that his appeal would have had merit," the Fifth Circuit held that Tapp was entitled to file an out-of-time appeal, even though he was gaining "nothing more than an opportunity to lose." *Id.* at 265. The analysis in *Tapp* is determinative as to the first question above: Even though Asad waived his right to appeal his conviction or sentence on any ground (except if the sentence imposed was above the statutory maximum, which it is not), Chaney's failure to file a requested notice of appeal still constitutes *per se* ineffective assistance of counsel under *Flores-Ortega*.[16]

---

[16] Some courts have criticized this approach, reasoning that "[t]here is no point in a constitutional rule that would yield an exercise in futility." *E.g.*, *Nunez v. United States*, 546 F.3d 450, 456 (7th Cir. 2008) (Easterbrook, J.). In *Nunez*, the Seventh Circuit held that, once a defendant has waived his appeal rights, he can assert an ineffective assistance of counsel claim based on counsel's failure to appeal only if "a non-frivolous issue could be raised on appeal." *Id.* Otherwise, the court reasoned, the lawyer acts reasonably by declining to appeal, thereby "protect[ing] the client's interest in retaining the

The answer to the second question is murkier. As stated above, Asad waived his right to collaterally challenge his conviction or sentence unless he could prove that ineffective assistance of counsel affected the validity of his waiver of appeal and collateral challenge rights or the validity of the guilty plea itself. Here, Asad is not arguing that Chaney's substandard performance caused him to enter an unknowing or involuntary guilty plea, or prevented him from understanding the import of waiving his appeal and collateral challenge rights. Instead, Asad is contending that Chaney was ineffective *after Asad was sentenced*, when he failed to file a requested notice of appeal. That alleged ineffectiveness cannot logically have anything to do with whether Asad's guilty plea and waiver of his appeal and collateral challenge rights were valid. *See United States v. Viera*, 674 F.3d 1214, 1217-18 (10th Cir. 2012) (holding that waiver of collateral attack challenges in plea agreement barred defendant's section 2255 motion asserting that counsel had failed to file a requested notice of appeal because that issue did "not relate to the validity of the plea or the waiver"). Thus, were the Court writing on a blank slate, it would be inclined to find that Asad's plea agreement waived his right to bring the present section 2255 motion. *Cf. United States v. White*, 307 F.3d 336, 343-44 (5th Cir. 2002) (holding that "an

---

benefit of the plea bargain." *Id.*

ineffective assistance of counsel argument survives a waiver of appeal only when the claimed assistance directly affected the validity of that waiver or the plea itself").

But the slate is not blank. In *Tapp*, the petitioner had waived his rights to challenge his sentence collaterally, as well as his direct appeal rights. 491 F.3d at 264. Nevertheless, the Fifth Circuit found that the district court erred in dismissing the petitioner's section 2255 motion, "holding that the rule of *Flores-Ortega* applies even where a defendant has waived his right to direct appeal and collateral review." *Id.* at 266; *see also United States v. Higgins*, 459 F. App'x 412, 412-13 (5th Cir. 2012) (applying *Tapp*). The court in *Tapp* did not explicitly address the question of whether the defendant's *collateral challenge rights waiver* precluded his section 2255 motion, focusing instead on the merits of the issue raised by the section 2255 motion: whether the defendant's *appeal waiver* precluded him from bringing a *Flores-Ortega* claim. But, given that the Fifth Circuit reached the merits of the motion (and resolved them in favor of the defendant), this Court must assume that it answered the antecedent question in the negative.

*Tapp*'s reasoning on this score has been criticized by some other courts. In *United States v. Mabry*, 536 F.3d 231 (3d Cir. 2008), the Third Circuit noted that

> [w]hile a defendant may be entitled to habeas relief if his attorney ineffectively fails to file a requested appeal because it is presumed to be prejudicial under

10

> *Flores-Ortega*, if that same defendant has effectively waived his right to habeas, he cannot even bring such a claim unless the waiver fails to pass muster under an entirely different test: one that examines its knowing and voluntary nature and asks whether its enforcement would work a miscarriage of justice.

*Id.* at 241; *id.* at 242 (explaining that the *Tapp* line of analysis does "not resolve the threshold issue of whether the waiver of collateral review rights should preclude a petitioner from asserting a *Flores-Ortega* claim for a reinstated appeal in the first place"); *see also Viera*, 674 F.3d at 1217-18. But *Tapp* is binding precedent, and this Court must follow it. Accordingly, the Court finds that Asad's plea agreement does not bar him from bringing an ineffective assistance of counsel claim based on Chaney's alleged failure to file a notice of appeal.

Having determined that Asad can successfully bring a section 2255 motion if he can prove that Chaney disregarded his request to file a notice of appeal, the Court turns to the question of whether Asad did, in fact, ask Chaney to do so. The only items of evidence in the record on this issue are two affidavits, one from Asad and one from Chaney. Asad states that he asked Chaney to appeal, and Chaney ignored him.[17] Chaney states that Asad never expressed a desire to appeal and that he would have appealed if Asad had so requested.[18]

---

[17]    R. Doc. 80 at 18-19.

[18]    R. Doc. 91-1 at 2.

11

An evidentiary hearing must be held on a section 2255 motion unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also Higgins*, 459 F. App'x at 413 ("If the evidence does not 'conclusively show' whether the petitioner requested that counsel file an appeal, then the district court should hold an evidentiary hearing on the issue." (quoting *Tapp*, 491 F.3d at 266)). The Fifth Circuit has repeatedly held that, when a district court rules on a section 2255 motion, it may not decide "[c]ontested factual issues . . . on the basis of affidavits alone unless the affidavits are supported by other evidence in the record." *United States v. Pena-Gravito*, 539 F. App'x 506, 506 (5th Cir. 2013) (citing *United States v. Hughes*, 635 F.2d 449, 451 (5th Cir. 1981)); *accord United States v. Jolley*, 252 F. App'x 669, 670-71 (5th Cir. 2007); *Hughes*, 635 F.2d at 451. Because there is no evidence in the record regarding whether Asad did in fact ask Chaney to file a notice of appeal aside from the dueling affidavits submitted by the parties, the Court orders an evidentiary hearing on this issue.

    **B.    Counsel's Failure to Object to the Aggravated Identity Theft Charge**

Asad also argues that he received ineffective assistance of counsel "because he was prevented from presenting a meritorious defense to show that the 'aggravated identity theft' as related to the Supreme Court decision in *Flores-Figueroa v. United*

*States*, 556 U.S. 646 (2009), rendered his conviction and sentence invalid."[19] Assuming without deciding that Asad's waiver of collateral challenge rights in his plea agreement does not bar this claim, the Court finds that the claim is meritless and should be dismissed.

*Flores-Figueroa* concerned the interpretation of 18 U.S.C. § 1028A(a)(1), which provides that anyone who, "during and in relation to any felony violation enumerated [later in the section], knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person shall, in addition to the punishment provided for such felony, be sentenced to a term of imprisonment of 2 years." The Court held that the statute requires the government to show that the defendant "*knew* that the 'means of identification' he or she unlawfully transferred, possessed, or used, in fact belonged to 'another person.'" *Flores-Figueroa*, 556 U.S. at 647.

Chaney's failure to raise an argument based on *Flores-Figueroa* was not objectively unreasonable under *Strickland*. According to the factual basis, Asad and his co-conspirators "filed false tax returns using the stolen identities of deceased or imprisoned persons," and Asad told an undercover agent that the person to whom the identities belonged "could be 'in Brazil

---

[19]   R. Doc. 80 at 15.

or dead.'"[20] Asad clearly knew that the means of identification that he was using to execute his scheme were those of "other persons," rather than fake means of identification that belonged to no one. *Cf. Flores-Figueroa*, 556 U.S. at 648. Any argument based on *Flores-Figueroa* would have been rejected, and hence Asad's ineffective assistance claim on this score must fail. *See United States v. Fields*, 565 F.3d 290, 296 (5th Cir. 2009) ("The law in this circuit is clear that counsel need not . . . raise meritless objections.").

**IV. CONCLUSION**

For the foregoing reasons, the Court dismisses Asad's petition insofar as it concerns his ineffective assistance of counsel claim based on *Flores-Figueroa*. The Court refers the issue of whether Asad asked Chaney to file a notice of appeal to Magistrate Judge Knowles for an evidentiary hearing and proposed findings of fact and conclusions of law. *See* Rule 8(b), 28 U.S.C. foll. § 2255 (district judge may "refer [a section 2255] motion to a magistrate judge to conduct hearings and to file proposed findings of fact and recommendations for disposition").

New Orleans, Louisiana, this 2nd day of April, 2014.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[20]   R. Doc. 37 at 1-2.